HARRIS, J.,
dissenting.
I respectfully dissent.
Alston was in jail on an unrelated violation of probation charge when Officer Bellamy attempted to interrogate him on a potential sexual battery charge. When he was brought to the interrogation room, Bellamy indicated to him that she wanted to talk to him about “the girl he had sex with and about his wallet” but that first she would have to advise him of his rights. Before the rights were read, Alston requested an attorney.
According to Bellamy, the only witness at the suppression hearing, she asked no questions concerning the purported sexual battery and was gathering her papers to leave when Alston said something to the effect that “it didn’t happen that way with that girl.” On motion, the court suppressed the statement finding that it was involuntary because the defendant was in custody, his rights were not read, and he requested an attorney. The court was concerned that the interview did not immediately cease upon the request being made.
My review of the record convinces me that the interview never commenced. Although Bellamy indicated to Alston the purpose of her being there, the record reflects no question ever being asked by her about the purported sexual battery. Although she responded to questions asked by Alston about how long he was going to be in jail and what was going to happen to him, not only did she not ask a question that could provoke the statement herein challenged, she asked no question at all related to the incident. The purpose of the exclusionary rule is to “punish” police misconduct. Here, Bellamy did noth *1159 ing wrong. It was appropriate for her to seek an interview with a suspect to crime. It was appropriate to advise the suspect of the purpose of her visit. It was appropriate to inform the suspect that she would read him his Miranda rights before asking him any questions. It was appropriate for her to abandon the proposed interview upon the suspect’s request for an attorney. It was appropriate for her to answer the suspect’s questions. It was appropriate for her to gather up her papers before she left the interview room. It was appropriate for her to hear the unsolicited statement made by Alston. Unless Bellamy, acting as a police officer, did something wrong, what is the basis for applying the exclusionary rule?
I would reverse.